IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN PATRICK REILLY,

    Petitioner,

v.                                                          CASE NO. 4:14-cv-663-MW-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 2, Petitioner's motion for leave to proceed as a pauper. The Court finds that leave to proceed as a pauper should be granted.

The instant Petition stems from a six-month sentence imposed in January 2010 after Petitioner was convicted of violating the terms of probation in a 2007 domestic violence case. Petitioner contends that the charging information was unconstitutionally vague, that the state's dating-violence statutory scheme is unconstitutional, and that he was denied the effective assistance of counsel. Doc. 1.

This is Petitioner's third habeas corpus petition challenging the same conviction. *See Reilly v. Campbell*, 4:10-cv-310-SPM-GRJ (N.D. Fla. 9/12/11); *Reilly v. Secretary*, Case No. 4:12-cv-122-RH-GRJ Doc. 7 (N.D. Fla. 4/9/12) (dismissing second petition as successive). In the first case, the Court granted Respondent's motion to dismiss and dismissed the Petition with prejudice for lack of jurisdiction. The Court found that the sentence challenged by Petitioner had been fully served on the date it was imposed by

the state court in January 2010, and therefore that Petitioner was not "in custody" for purposes of invoking this Court's habeas jurisdiction when the petition was filed. *See* Case No. 4:10-cv-310-SPM-GRJ Docs. 43, 46. This Court and the Eleventh Circuit denied Petitioner a certificate of appealability. *Id*. at Docs. 58, 64.

Petitioner's second petition was dismissed as successive; this Court and the Eleventh Circuit denied Petitioner a COA. Case No. 4:12-cv-122-RH-GRJ Docs. 7, 28. The Eleventh Circuit specifically found that Petitioner was not in custody under the conviction and sentence attacked in the 2012 petition because the January 2010 six-month sentence was fully expired on the date that it was imposed. The Eleventh Circuit recounted that Petitioner received a suspended six-month jail sentence and one year of probation after his jury conviction for violating a domestic violence injunction in 2007. He then violated his probation, and on January 12, 2010, he was sentenced to 180 days' imprisonment. Because he received credit for time served, the sentence was fully expired on the date of sentencing, January 12, 2010. Thus, the Eleventh Circuit concluded that this Court lacked jurisdiction to consider the petition, regardless whether it was second or successive. *See id.* (citing *Stacey v. Warden*, 854 F.2d 401, 403 (11th Cir. 1988)).

The instant petition suffers from the same defects as Petitioner's 2012 petition. As the Eleventh Circuit concluded, Petitioner is no longer in custody under the January 2010 six-month sentence attacked in the instant petition, because the sentence is fully expired. Therefore, this Court lacks jurisdiction to consider the petition. *See id*.; Doc. 1.

Further, in order to file a second or successive § 2254 petition, the Petitioner

must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

The dismissal of Petitioner's first and second § 2254 petitions for lack of jurisdiction because Petitioner did not, as a matter of law, satisfy the "in custody" prerequisite to federal habeas jurisdiction should be considered a determination on the merits for purposes of the bar on filing a second or successive petition without leave of the Court of Appeals. *See Sinclair v. Blackburn*, 599 F.2d 673, 675 (5th Cir. 1979). Petitioner's claims in the instant Petition provide no basis for concluding that he could now satisfy the "in custody" requirement as to the challenged 2010 sentence. Petitioner has not been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claims.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED** that Petitioner's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED** for lack of jurisdiction, and that a COA be **DENIED.**

**IN CHAMBERS** this 30th day of April 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**